### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NORTH DAKOTA
### NORTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER (UPWARD DEPARTURE)** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 4:06-cr-090 |
| Lawrence Robin Finley, | ) | |
| | ) | |
| Defendant. | ) | |

In accordance with Rule 32(h) of the Federal Rules of Criminal Procedure, the Court informs the parties that it is contemplating an upward departure from the applicable Sentencing Guideline range. The grounds for such a departure are based on Sections 5K2.8 and 5K2.2 of the United States Sentencing Commission Guidelines Manual which pertain to extreme conduct on the part of the defendant and the infliction of significant physical injuries.

Section 5K2.8 provides that "If the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim, the court may increase the sentence above the guideline range to reflect the nature of the conduct." On February 6, 2007, the defendant, Lawrence Finley, pled guilty to assault resulting in serious bodily injury to a minor. The defendant admitted that he assaulted a person who had not attained the age of eighteen (18) years, namely eighteen-month old M.A., which assault resulted in serious bodily injury. The factual basis for the plea as set forth in the plea agreement reveals the following:

> Specifically, in the morning hours of September 20, 2006, the defendant was left to babysit M.A. and other children at his brother Robert Finley's home in New Town, North Dakota, on the Fort Berthold Indian Reservation. During this time, M.A. began to cry. While M.A. was lying on the floor on his back, the defendant struck M.A. approximately 4 times in M.A.'s abdomen with the defendant's hand and fist. The defendant then placed the child on a couch. When M.A. continued to cry, the defendant struck M.A. in the head and face approximately 4 times with the defendant's hand. As the day progressed, M.A. became listless and pale. When M.A.'s mother

returned to the home at approximately 4:30 p.m., she sought emergency medical treatment for M.A.

M.A. was brought by ambulance and helicopter to Trinity Hospital in Minot, ND. In the emergency room at Trinity, M.A. went into cardiac arrest, but was resuscitated. Emergency surgery was performed upon M.A., where it was determined that he had suffered a mesenteric artery tear. This was repaired through a small bowel partial resection. A CAT scan demonstrated that M.A. had a small subdural hematoma. Following surgery, M.A. continued to display signs of encephalopathy (sleepiness, agitation, intermittent seizures), and he was transferred to the Children's Hospital in Minneapolis, MN, where physicians diagnosed him with diffuse encephalopathy (overall brain injury). M.A. remained at Children's Hospital until October 2006, during which time he received physical and occupational therapy before being released.

A detailed recitation of the underlying facts that resulted in the criminal charge was also set forth at the change of plea hearing on February 7, 2007. Needless to say, the Court is of the opinion that the defendant's conduct in this case was extremely barbaric, heinous, cruel, and brutal to the innocent 18-month-old victim. The medical records reveal that the victim sustained severe trauma to the abdomen, chest, and head, and a serious brain injury. The medical bills to date are in excess of $150,000. Undoubtedly, the young child will face a lifetime of problems related to the brutal assault. At this preliminary stage of the proceedings, the Court is considering an upward departure because the anticipated sentencing range (10-year mandatory minimum sentence) is inadequate and unreasonable in light of the defendant's outrageous conduct. In addition, this is the defendant's second felony conviction in federal court for a serious assault on a young child.

The Court is considering an upward departure and imposing a sentence above the 10-year mandatory minimum sentence required under the Adam Walsh Child Protection Act of 2006. The Eighth Circuit has consistently affirmed upward departures based on a finding of extreme conduct. See United States v. May, 413 F.3d 841, 846-847 (8th Cir. 2005) (upholding a five-level upward departure under Section 5K2.8); United States v. Schwalk, 412 F.3d 929, 934 (8th Cir. 2005); United

States v. Iron Cloud, 312 F.3d 379, 382 (8th Cir. 2002) (upholding a four-level upward departure under Section 5K2.8); United States v. Hampton, 260 F.3d 832, 835-836 (8th Cir. 2001) (upholding a six-level upward departure under Section 5K2.8); United States v. Sarff, 13 Fed. Appx. 467 (8th Cir. 2001) (upholding a 72-month upward departure from the high end of the applicable sentencing range); United States v. Loud Hawk, 245 F.3d 667, 670 (8th Cir. 2001) (finding "the barbaric circumstances of this case warrants significant punishment" and upholding a ten-level upward departure under Section 5K2.8 and collecting cases affirming substantial upward departures under Section 5K2.8); United States v. Keester, 70 F.3d 1026, 1027-1028 (8th Cir. 1995) (affirming a four-level upward departure under Section 5K2.8).

With respect to upward departures under Section 5K2.2 for the infliction of significant physical injuries, the Eighth Circuit has also consistently affirmed such departures. See United States v. Hawkman, 438 F.3d 879 (8th Cir. 2006); United States v. Evans, 285 F.3d 664 (8th Cir. 2002); and United States v. Merrival, 176 F.3d 1079 (8th Cir. 1999)

If either party wishes to submit a Sentencing Memorandum or any reports, letters, or written materials pertaining to the sentence and contemplated upward departure, such pleadings, exhibits, and written materials shall be filed on or before Monday, July 16, 2007. The sentencing hearing is rescheduled for Monday, July 23, 2007, at 1:15 p.m. in Minot, North Dakota.

Dated this 24th day of May, 2007.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court

3